**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4403

JAVIER FLORES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-11-V)

Submitted: April 7, 1998

Decided: June 18, 1998

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Andy Sumrall, Jackson, Mississippi, for Appellant. Mark T. Cal-
loway, United States Attorney, Kenneth D. Bell, First Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Javier Flores was convicted after a jury trial of conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine and conspiracy to import into the United States a quantity of methamphetamine. See 21 U.S.C.A. SS 846, 963 (West Supp. 1997). On appeal he alleges that: (1) the district court erred in denying his motion for acquittal and (2) the jury's verdict somehow is invalid because it quickly returned a verdict of guilty. For the reasons that follow, we affirm.

In analyzing a claim that a district court erroneously denied a motion for acquittal, we utilize a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1146-47 (4th Cir. 1992). In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). If there exists substantial evidence to support a verdict, the verdict must be sustained. See Glasser v. United States, 315 U.S. 60, 80 (1942). Even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction, see United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993), and it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. See United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). This court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusion reached by the jury. See Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983). Thus, a reviewing court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another reasonable verdict would be preferable." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997).

Brothers Danny and Tony Mathis of North Carolina were drug dealers who bought cocaine and methamphetamine from Danny Fausett of Georgia. In approximately October 1994, they agreed to coop-

2

erate with the Government. At trial both brothers testified regarding drug transactions between them and Fausett. Several taped conversations between Danny Mathis and Fausett were entered into evidence. The Government also presented evidence from law enforcement and customs agents.

Construing the evidence presented at the trial in the light most favorable to the Government, as we are required, reveals the following. On November 15, 1994, Danny Mathis met with Fausett at his Georgia farm for the purpose of paying off a previously incurred methamphetamine debt. During the meeting Fausett told Mathis that he planned to order from his supplier sixty pounds of methamphetamine--double his normal order--and that it would be at least two weeks before the load would arrive. At a January 16, 1995, meeting Fausett told Mathis that his sixty-two pound load had been lost in Mississippi. He said that two Mexicans, driving a pickup truck and following a tractor trailer, had been stopped and the police found the methamphetamine hidden in the gas tank. Fausett also indicated that one of the Mexicans had made the trip many times.

Based upon this recorded conversation, the Government researched methamphetamine seizures in Mississippi from November 15, 1994, through January 16, 1995. They found that the only seizure of methamphetamine nearing the size of a sixty-two pound shipment described by Fausett was made on December 6, 1994, from Javier Flores. The details were: a Mississippi deputy pulled over a pickup truck driven by Flores; Flores was traveling with another Mexican, his brother; the pickup was behind a tractor trailer; and a sixty-four pound shipment of methamphetamine was found in a compartment near the gas tank.

At trial Danny Mathis testified that the one pound bricks of methamphetamine seized from Flores in Mississippi matched the appearance of other bricks seized from Fausett's farm. Each one pound package was enclosed within a food wrapper with the words "Food Saver by Tilia." As counted by the Government in closing arguments, there were sixty-three methamphetamine bricks seized from Flores in Mississippi.

Flores admits in his brief that there was ample proof of a drug conspiracy between the Mathis brothers and Fausett to distribute

3

methamphetamine and cocaine into North Carolina. He alleges, however, that there was insufficient evidence linking him to either Fausett or the Mathis brothers. Flores therefore argues that evidence was insufficient to show he knew of the conspiracies and knowingly and voluntarily became part the conspiracies, as required for both convictions. See United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir. 1993) (holding that in a conspiracy case, the government must prove that a conspiracy existed, that the defendant had knowledge of, and that he voluntarily became part of, the conspiracy). Flores does not allege insufficient evidence with respect to any other elements of the offenses.

Based upon the evidence adduced at trial, there was sufficient circumstantial evidence to show that Flores was the methamphetamine supplier Fausett described to Danny Mathis. Because of his status as a supplier to the Fausett-Mathis drug conspiracy, Flores therefore knew of and joined in the charged conspiracy to distribute and import the methamphetamine. "Like the conspirators' agreement, a defendant's participation in the conspiracy need not be explicit; it may be inferred from circumstantial evidence." Burgos, 94 F.3d at 858 (citation and internal quotations omitted). To prove a defendant's connection to the conspiracy the Government need not prove that the defendant "knew the particulars of the conspiracy or all his coconspirators." Id. (citing Blumenthal v. United States, 332 U.S. 539, 557 (1947)). "Indeed a defendant properly may be convicted of conspiracy `without full knowledge of all of [the] details . . . if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion.'" Id. (quoting United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989)).

Flores' second argument is that because the jury returned a verdict in less than ten minutes it could not "rationally have found the defendant guilty beyond a reasonable doubt if it fully understood the facts and circumstances and the law in this case."* Flores provides no legal support for this argument or gives any other basis for his assertion of jury error. Thus, we deny relief on this claim.

---

*(Appellant's Br. at p. 8).

4

Accordingly, because we find no merit in the issues raised by Flores on appeal, we affirm Flores' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED